UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**NORTHWESTERN OHIO**             Case No. 3:10 CV 2716
**ADMINISTRATORS, INC.**,

    Plaintiff,             Magistrate Judge James R. Knepp II

    vs.             MEMORANDUM OPINION AND ORDER

**D-MAC REBAR, LLC**,

    Defendant.

## Introduction

Plaintiff Northwestern Ohio Administrators, Inc. has filed a Motion for Summary Judgment seeking recovery of delinquent contributions, liquidated damages, and reasonable attorneys' fees and related costs. (Doc. 19). Defendant has not filed anything in response, and the deadline for such responses passed on August 29, 2011. (Doc. 10, at ¶ 13) (referring parties to Local Rule 7.1, which allows for 30 days to file an opposition). The matter is therefore decisional.

The parties consented to the undersigned's jurisdiction. (Doc. 16). The Court has jurisdiction over this case because Plaintiff raises a federal question, specifically claims arising under the Labor Management Relations Act (LMRA) and the Employment Retirement Income Security Act (ERISA). *See* 28 U.S.C. § 1331. For the following reasons, the Motion is granted.

## Background

Plaintiff is a non-profit corporation organized under the laws of the Ohio, and has its principal place of business in Toledo, Ohio. (Doc. 11, at ¶ 3). Pursuant to agreements entered into by Plaintiff and certain employee benefit plans, trusts, and funds, maintained and administered in

the construction industry within the Northern District of Ohio, Plaintiff is authorized and obligated to collect contributions and deductions due and owing for health and welfare benefits, pension benefits, vacation pay, administrative, apprenticeship and promotional funds, and dues and assessments, in accordance with collective bargaining agreements (CBAs). (Doc. 19, at 12, ¶ 2). Defendant D-Mac Rebar is an Ohio limited liability company currently engaged in performing steel erection and ironwork in northwest Ohio. (Doc. 11, at ¶ 5). Defendant is an employer of employees represented by construction trade unions in the area. (*Id.*). Local Union No. 55 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers (AFL-CIO) (the Union) is a labor organization representing Defendant's employees in an industry affecting commerce. (Doc. 19, at 13, ¶ 3).

Defendant agreed to be bound by the terms of the CBA entered into between the Associated General Contractors of Northwest Ohio, Inc., Labor Relations Division, and the Union for the period fo July 1, 2007 through June 30, 2011, a copy of which is attached to the Amended Complaint. (Doc. 11-1). Under the terms of the CBA, Defendant also agreed to be bound by the Agreements and Declarations of Trust establishing the employee benefit plans enumerated in the CBA and the rules, regulations, resolutions, and amendments thereto promulgated by the Trustees of those Plans (Governing Documents). (*Id.* at ¶¶ 146-47).

The CBA requires reporting of, and contributions for, all covered hours worked. (Doc. 19, at 13, ¶ 4). Participating employers must compile payroll information, submit data, and make fringe benefit contribution payments for each employee performing work covered by the CBA. (Doc. 11, at ¶ 5). The employer is also required to submit payroll information and data no later than the fifteenth day of the month following the month when the work was performed. (Doc. 19, at 13, ¶

4). If an employer fails to submit payroll information, data, and payment on or before the fifteenth day of the month, the CBA and Governing Documents consider such payment delinquent. (Doc. 11, at ¶ 9).

Pursuant to the Governing Documents, liquidated damages are assessed against delinquent payments in an amount equal to five percent of the total delinquent contribution for the first and second months of delinquency. (*Id.* at ¶ 9). Liquidated damages continue to accrue at the rate of one percent of the total delinquent contributions for each additional month that the total delinquent contributions and total liquidated damages remain unpaid. (*Id.*). In the event legal proceedings are initiated to collect delinquent contributions, liquidated damages are assessed against the employer in an amount equal to the greater of twenty percent of the unpaid contributions, or interest at the rate of ten percent per annum on the unpaid contributions. (*Id.*).

Plaintiff alleges Defendant failed to submit to Plaintiff timely reports and payments for the months of July and August 2010 as required under the CBA. (Doc. 11). Plaintiff alleges damages of $17,716.84, and liquidated damages of $3,543.37. (Doc. 19, at 13, ¶ 6).

**Standard of Review**

Pursuant to Federal Civil Rule 56©), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

## Discussion

*Delinquent Contributions*

The CBA and Governing Documents require Defendant to make full and complete contributions for each hour of covered work performed by its employees. (Doc. 11-1, at ¶¶ 149-55, 164). Such payment must be made on or before the fifteenth day of the month following the month when the work was performed. (*Id.* at ¶ 161). It is undisputed that Defendant failed to submit payroll reports, data, and payments for July and August 2010. (Doc. 19, at 13, ¶ 5). It is further undisputed that the payments owing from these two months amount to $17,716.84. (*Id.*, at 13, ¶ 6). Therefore, Defendant had delinquent contributions under the CBA and Governing Documents to the tune of $17,716.84. Plaintiff is correct that it is entitled to this amount in damages.

*Liquidated Damages*

The CBA and Governing Documents provide for the collection of liquidated damages on delinquent contributions. Section 502(g) of ERISA gives plans a mandatory right to collect liquidated damages, so long as they are "provided for under the plan in an amount not in excess of 20 percent". 29 U.S.C. 1132(g). Here, under the full authority of this ERISA provision, participating employers may be assessed liquidated damages on unpaid contributions of five percent for the first and second months of delinquency. (Doc. 11-1, at ¶ 165(a)-(b)). Every month thereafter, liquidated damages accrue at a rate of one percent until payment is made in full. (*Id.*, at ¶ 165©)). Further, in the event legal proceedings are initiated to collect delinquent contributions, liquidated damages are assessed against the employer in an amount equal to the greater of twenty percent of the unpaid contributions or interest at the rate of ten percent per annum on the unpaid

contributions.  (*Id.*, at ¶ 165(d)(i)-(ii)).

These types of damages are mandatory under ERISA.  *See Trustees of the Mich. Laborers' Health Care Fund v. Gibbons*, 209 F.3d 587, 590 n. 1 (6th Cir. 2000) ("ERISA requires courts to award parties victorious in actions pursuant to § 515 unpaid contributions and accrued interest, liquidated damages, attorneys' fees and costs, and 'such other legal relief as the court deems appropriate.'") (quoting 29 U.S.C. § 1132(g)).  Accordingly, Plaintiff has a right to collect liquidated damages on delinquent contributions, under both Defendant's contractual obligations and ERISA.  Plaintiff is entitled to receive liquidated damages in the undisputed amount of $3,543.37.

*Costs and Attorney Fees*

The CBA imposes liability on employers reasonable attorneys' fees, related expenses, and court costs expended to enforce compliance with the provisions of the CBA.  (Doc. 11-1, at ¶ 165(d)).  By signing the CBA, Defendant is contractually obligated to pay such costs in the event litigation ensues.  (*Id.*).  Because Defendant failed to pay contributions and liquidated damages in a timely manner, it is now liable for Plaintiff's attorneys' fees and related expenditures in this case.

Section 502(g) of the civil enforcement provisions of ERISA also mandates "reasonable attorneys' fees and costs" for actions brought to collect delinquent contributions.  29 U.S.C. 1132(g)(2)(D).  "[A]ttorneys' fees are . . . a necessary and contemplated expense of collection." *See Bugher v. Ohio Pipeline Constr. Co.*, 392 F. Supp. 687, 688 (S.D. Ohio 1975).  Even absent an agreement expressly providing for such fees, an award of attorneys' fees is proper to make the trust fund whole.  *See id.*  Further, "there is no requirement that the amount of attorneys' fees be proportional to the amount of the underlying award of damages."  *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

Plaintiff is entitled to payment of attorneys' fees and related costs by Defendant under both Section 502 of ERISA and the CBA.  Apart from the statutory mandate in Section 502, Defendant voluntarily bound itself to the terms of the CBA providing for attorneys' fees.  Plaintiff is awarded its attorneys fees and related costs, and will have ten days from the date of this Order to file an Affidavit in support of its fees.

## Conclusion

Plaintiff's Motion is granted.  Plaintiff is awarded $17,716.84 in delinquent contributions, $3,543.37 in liquidated damages, and reasonable costs and attorney fees.  Plaintiff shall have ten days from the date of this order to file an affidavit in support of attorneys' fees.

IT IS SO ORDERED.

                                                  s/James R. Knepp II
                                                  United States Magistrate Judge